## IPIN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **UATP IP, LLC, a Texas Limited Liability Company, and UATP MANAGEMENT, LLC a Texas Limited Liability Company,** | § § § § § § | **Civil Action No.** |
| **Plaintiffs,** | § § § | |
| **v.** | § § | |
| **KANGAROO, LLC, a Texas Limited Liability Company, AIR ENTERTAINMENT GROUP, LLC, MINH TANG, HAI CHANH QUACH, DAN TRINH, RAYMON HUNG, EDGAR ALEJANDRO GUERRERO,** jointly and severally, | § § § § § § § § | |
| **Defendants.** | | |

## COMPLAINT FOR PATENT INFRINGEMENT, COPYRIGHT INFRINGEMENT, TRADE DRESS INFRINGEMENT UNDER THE LANHAM ACT, UNJUST ENRICHMENT, AND BREACH OF CONTRACT

Plaintiffs UATP IP, LLC ("UATP IP") and UATP Management, LLC ("UATP Management"), by and through their undersigned counsel, complain and allege as follows against Kangaroo, LLC, ("Kangaroo"), Air Entertainment Group, LLC ("Franchisee"), Minh Tang ("Tang"), Hai Chanh Quach ("Quach"), Dan Trinh ("Trinh"), Raymon Hung ("Hung"), and Edgar Alejandro Guerrero ("Guerrero").

1

## THE PARTIES

1.      Plaintiff UATP IP is a limited liability company formed under the laws of the state of Texas, with its principal place of business located at 2350 Airport Freeway, Suite 505, Bedford, Texas 76022.

2.      Plaintiff UATP Management is a limited liability company formed under the laws of the state of Texas, with its principal place of business located at 2350 Airport Freeway, Suite 505, Bedford, Texas 76022.

3.      Plaintiffs UATP IP and UATP Management bring this action jointly under Fed. R. Civ. P. 20 because they each assert a right to relief jointly, severally, or in the alternative, with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and there are questions of law and fact common to both Plaintiffs raised in this Complaint.

4.      Defendant Kangaroo is a limited liability company formed under the laws of the state of Texas, with its principal place of business located at 602 Basswood Drive, #104, Laredo, Texas 78045. Kangaroo's registered agent and Managing Member is Minh Tang, with a business address of 602 Basswood Drive, #104, Laredo, Texas 78045. Minh Tang is also a Defendant in this action.

5.      Defendant Franchisee is a limited liability company formed under the laws of the state of Texas, with its principal place of business located at 1419 San Dario Avenue, Laredo, Texas 78040. Franchisee's registered agent is Hai C. Quach at 512 Olympia Bay, Laredo, Texas 78041. Hai C. Quach is also a Defendant in this action. Hai C. Quach, Dan Trinh, and Raymond Hung are each members of Franchisee.

5.      Defendant Tang is an individual who is a citizen of the state of California and resides at 565 Golden Spur Circle, Walnut, California 91789.

6.      Defendant Quach is an individual who is a citizen of the state of Texas and resides at 1119 Farragut Street, Laredo, Texas 78040.

7.      Defendant Trinh is an individual who is a citizen of the state of Texas and resides at 1119 Farragut Street, Laredo, Texas 78040.

8.      Defendant Hung is an individual who is a citizen of the state of California and resides at 21820 Tenderfoot Way, Diamond Bar, California 91765.

9.      Defendant Guerrero is an individual who is a citizen of the state of Texas and resides at 1435 Los Ebanos Drive, Laredo, Texas 78041.

## **NATURE OF THE ACTION**

10.     This is a civil action for infringement under the patent laws of the United States, 35 U.S.C., § 1 *et seq.*, infringement under the copyright laws of the United States, 17 U.S.C., § 101 et seq., infringement under the trademark laws of the United States, the Lanham Act, 15 U.S.C., § 1051 et seq., for trade dress infringement and unfair competition, breach of contract and request for injunctive relief.

11.     Defendants Kangaroo, Franchisee, Tang, Quach, Minh, Trinh, and Hung have each infringed the patent owned by UATP IP, U.S. Patent No. 10,702,729, B2; infringed upon a copyright owned by UATP IP, Registration Number VA 2-096-749; and infringed upon trade dress and common law copyrights owned by UATP IP. UATP IP licenses its patent, trademarks, trade dress, and copyright described in this paragraph exclusively to UATP Management for the purpose of sublicensing these items for use by Urban Air Adventure Park franchisees.

3

12.     Defendants Franchisee, Quach, Trinh and Hung have breached their contract with UATP Management regarding non-competition after termination, non-disclosure of confidential information, the obligation to give UATP Management the first right of refusal to purchase or assume ownership of the Franchisee's assets, and the obligation to debrand their Urban Adventure Air Park upon termination of the Franchise Agreement.

13.     Defendant Guerrero has aided and abetted the infringement by Kangaroo, Franchisee, Tang, Quach, Trinh and Hung, and has breached his written Confidentiality Agreement with UATP Management.

14.     Plaintiffs seek injunctive relief against each of the Defendants and monetary damages.

## JURISDICTION AND VENUE

15.     The claim for patent infringement asserted in Count I arises under the Patent Act, 35 U.S.C. § 1 *et seq.*, and this court has original and exclusive subject matter jurisdiction.  The claim for copyright infringement asserted in Count II arises under the Copyright Act 17 U.S.C. § 1 *et seq.* and this court has subject matter and original jurisdiction. The claim for federal trade dress infringement, and unfair competition, asserted in Counts III and IV arise under the Lanham Act, 15 U.S.C. § 1051 et seq. This court has subject matter and original jurisdiction over the Lanham Ac claims for Trade Dress infringement. The Patent Infringement, Copyright Infringement and Trade Dress Infringement under the Lanham Act all occurred in the Southern District of Texas.

16.     The claims for unjust enrichment under Count V, and breach of contract under Counts VI, and VII, VIII, and IX arise under the common law of the state of Texas and are so related to the federal claims asserted in Counts I, II, III, and IV that they form part of the same case or controversy. Therefore, this Court has subject matter jurisdiction over Counts V, VI, VI and VII pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).

17.     This court has personal jurisdiction over each of the Defendants in this action because each of the named Defendants has committed acts in this District that give rise to the Plaintiffs' claims of infringement of the patent and trademark owned by UATP IP, and of the trade dress owned by UATP Management. Defendants Kangaroo and Franchisee have their primary offices in this District. Quach, Trinh, and Guerrero each reside in this District. Defendants Tang and Hung and have an ownership interest in, and have established, businesses with business addresses in this District which have a direct connection to the infringement claims made in this Complaint and have therefore established minimum contacts with this District.

18.     Venue is proper in this District under 28 U.S.C. § 1400(b) because each of the Defendants has committed acts of infringement in this District and either resides in this District or has regular and established places of business in this District. On information and belief, each of the Defendants either has an ownership interest in, or is employed by, Kangaroo Fun Zone, 6310 McPherson Road, Laredo, Texas 78041, a business which unlawfully uses the patent, Copyright, trademark owned by UATP IP, and the trade dress and common law copyright owned by UATP Management.

## FACTUAL BACKGROUND

19.     UATP Management was formed in May 2013 for purpose of owning, developing, and then franchising indoor trampoline and adventure parks that includes trampolines, foam pits, rock climbing, and related activities, under the name "Urban Air Adventure Park."

20.     UATP IP, a subsidiary of UATP Management, was formed in October 2013 for the purpose of owning and managing all intellectual property used in the Urban Air Adventure Park business. All intellectual property owned by UATP IP is licensed exclusively to UATP Management for the sole purpose of benefiting Urban Air Adventure Parks owned or franchised by UATP Management under written franchise agreements.

21.     At significant expense, time, and effort, the following intellectual property was developed by UATP IP or UATP Management for the benefit of Urban Air Adventure Parks:

a.      U.S. Patent No. 10,702,729, B2, a copy of which is attached to this Complaint as Exhibit "A," owned by UATP IP, and is referred to as the "Adventure Hub." The Adventure Hub consists of 3 separate activities (a zip-line activity called a "Sky Rider" by Urban Air Adventure Parks; a Ropes course; and a Soft Playground) which are combined in a unique and technical manner, so it becomes one continuous "hub" of activity.

b.      Copyright Registration Number VA 2-096-749, a copy of which is attached to this Complaint as Exhibit "B," and is owned by UATP IP for a drawing

referred to as the "Slam Dunk," and which is closely associated by the public with Urban Air Adventure Parks.

      c.      Distinctive Trade Dress and a method of doing business, developed, and owned by UATP Management, consisting of specific floor plans, colors, attractions, and designs. The business system developed by UATP Management includes, for example, pricing, birthday party plans, safety signage, safety protocol, operational procedures, vendors, and activities for adults who visit the Urban Air Adventure Parks with children, such as massage chairs. Attached to this Complaint as Exhibit "C" is the Table of Contents of the Urban Air Adventure Park Trade Dress Manual. The entire Manual will be submitted to this court upon its request or under seal at the appropriate time.

      d.      Common Law copyrights and trademarks developed and used by UATP Management. As one example, UATP Management has developed forms, written materials, and trade names. One example is the Waiver of Liability form which, on the Urban Air Adventure Park website, customers are asked to sign in order to participate in the available activities at an Urban Air Adventure Park. A copy of the Urban Air Adventure Park waiver is attached to this Complaint as Exhibit "D-1." A copy of the waiver used by Kangaroo Fun Zone is attached to this Complaint as Exhibit "D-2."

      22.      On May 31, 2016, Franchisee, which is owned by Defendants Trinh, Quach, and Hung, executed a franchise agreement with UATP Management ("Franchise Agreement"). Under the terms of the Franchise Agreement, UATP granted Franchisee an exclusive area to operate an Urban Air Adventure Park in exchange for Franchisee's payment of an initial franchise fee, promise to pay UATP Management

an ongoing royalty for a period of 10 years, and agreement to abide by the terms of the Franchise Agreement. UATP Management provided Franchisee, and therefore to Defendants Trinh, Quach, and Hung, the Urban Air Adventure Park Trade Dress Manual, Operations Manual, vendor lists, extensive confidential and proprietary operational information and procedures, and issued a non-transferable license to Franchisee regarding the use of its patents, copyrights, trademarks and Trade Dress. In conjunction with the execution of the Franchise Agreement, Trinh, Quach, and Hung also executed for the benefit of UATP Management a Confidentiality and Non-Competition Agreement and Undertaking and Guaranty.

23.     After Franchisee opened its Urban Air Adventure Park, Franchisee hired Guerrero to be its Manager. In exchange for receiving certain confidential information from UATP Management, Guerrero executed a Confidentiality, Non-Competition, and Non-Disparagement Agreement for the benefit of UATP Management.

24.     On November 3, 2020, UATP Management sent Franchisee a Notice of Default due to its failure to pay the applicable royalty and due to its abandonment of the leased premises.  Franchisee failed to regain possession of the leased premises. As a result, on January 20, 2021, UATP Management issued to Franchisee written notice of termination of the Franchise Agreement and reminded Franchisee of those obligations that survive termination of the Franchise Agreement, including, but not limited to, the Confidentiality and Non-Competition obligations and the obligation to debrand.

25.     In July 2021, UATP Management discovered Kangaroo was operating the exact same Urban Air Adventure Park that was owned and operated by Franchisee

and its members Trinh, Quach, and Hung, and at the exact same location. The business operated by Kangaroo includes the patented Adventure Hub, the trademarked Slam Dunk backboard, the same pricing and offering of birthday party packages, the same adult entertainment fixtures such as the massage chairs, the exact same waiver form developed by UATP Management, the same floor plan and schematics, uses the same vendors, and offers the same food products. The only difference appears to be the name of the center was changed from Urban Air Adventure Park to Kangaroo Fun Zone.

26.     On July 21, 2021, an employee "Andy" at Kangaroo Fun Zone told a person visiting the Kangaroo Fun Zone that "the same three families that owned Urban Air own the Kangaroo Fun Zone."  This same employee also identified the zip line attraction was called the "Sky Rider," which name is trademarked and owned by UATP IP.

27.     Guerrero was the former general manager of the Laredo Urban Air Adventure Park. Upon reasonable belief and information, Guerrero, in violation of his agreement, is the general manager of the "Kangaroo Fun Zone," and has executed contracts on behalf of "Kangaroo Fun Zone" with vendors identified and used by UATP Management and its franchisees. But for Guerrero's prior employment with the Laredo Urban Air Adventure Park, he would not have been privy to such information.

**Count I**

**Infringement of Patent No. 10,702,729 B2**

28.     Plaintiffs re-allege and incorporate by reference each of the allegations in the foregoing paragraphs as though fully set forth herein.

29.     UATP IP is the current exclusive owner and assignee of all right, title, and interest in and to U.S. Patent 10,702,729 B2 (the "Patent") duly and legally issued by the United States Patent and Trademark Office on July 7, 2020.

30.     Defendants Kangaroo, Tang, Quach, Minh, Trinh, and Hung have directly infringed the Patent by using the invention, without authority, in an indoor play center under the name of "Kangaroo Fun Zone." Defendants Kangaroo, Tang, Quach, Trinh, and Hung have direct knowledge the equipment used by them in the Kangaroo Fun Zone is the same equipment licensed by UATP IP to UATP Management and its franchisees, is unique, and is a design owned by UATP IP.

31.     As a non-limiting example, Defendants Kangaroo, Tang, Quach, Trinh, and Hung have infringed Claims 1 through 12 of the Patent.  As evidenced below, the Adventure Hub remains in the Kangaroo Fun Zone and has not been modified from its original version:



32.     Kangaroo and Tang have never been licensed to use the Patent, and any rights that Defendants Quach, Trinh and Hung had to use the Patent under the Urban Air Adventure Park Franchise Agreement were terminated.

33.     By reason of the infringing activities of Defendants Kangaroo, Tang, Quach, Trinh, and Hung, UATP IP and UATP Management are suffering substantial damages in an amount to be proven at trial, but which are at least an amount equal to a reasonable royalty.

34.     The infringement of the Patent by Defendants Kangaroo, Tang, Quach, Trinh, and Hung is willful and deliberate, justifying a trebling of damages and attorney fees under 35 U.S.C. § 284.

## Count Two

## Copyright Infringement of Registration Number VA 2-096-749

35.     Plaintiffs re-allege and incorporate by reference each of the allegations in the foregoing paragraphs as though fully set forth herein.

36.     UATP IP is the owner of the Slam Dunk Drawing with the properly registered copyright Registration Number VA 2-096-749. UATP IP licenses the use of the copyrighted drawing to UATP Management to use the drawing for the benefit of Urban Air Adventure Parks.

37.      As evidenced below, Defendants Kangaroo, Tang, Quach, Trinh, and Hung are using the Slam Dunk Drawing, or a similarly confusing version of the drawing, in the business known as Kangaroo Fun Zone without authorization from UATP IP or UATP Management in violation of the Copyright Act, 17 U.S.C. § 106:



(All photographs included in this Complaint were taken at the business currently operated by one or more of the Defendants under the name "Kangaroo Fun Zone" on July 14, 2021. The infringement by the Defendants Kangaroo, Tang, Quach, Trinh, and Hung of the Slam Dunk Drawing has been willful, intentional and in disregard of the rights of UATP IP and UATP Management.

38.     As a direct and proximate result of the infringement by the Defendants Kangaroo, Tang, Quach, Trinh, and Hung of Plaintiffs' exclusive rights under copyright, UATP IP and UATP Management are entitled to damages as well as a portion of the

profits of Defendants Kangaroo, Tang, Quach, Trinh, and Hung from using the Slam Dunk Drawing under 17 U.S.C. § 504.

39.     Alternatively, Plaintiffs are entitled to the maximum statutory damages, in the amount of $150,000 per infringement, pursuant to 17 U.S.C. § 504(c), or such other amount as may be proper pursuant to 17 U.S.C. § 504(c), and to their attorneys' fees and costs pursuant to 17 U.S.C. § 505.

## Count III

## Lanham Act Trade Dress Infringement

40.     Plaintiffs re-allege and incorporate by reference each of the allegations in the foregoing paragraphs as though fully set forth herein.

41.     The Urban Air Adventure Park Trade Dress is non-functional.

42.     The Urban Air Adventure Park Trade Dress is unique and distinctive as to the source of the Urban Air Adventure Park goods and services and has acquired secondary meaning because consumers associate Urban Air Adventure Park as the source of goods and services provided under the Urban Air Adventure Park Trade Dress. The Urban Air Adventure Park Trade Dress is entitled to protection under both federal and common law.

43.     The use by Defendants Kangaroo, Tang, Quach, Trinh, and Hung in commerce of the Urban Air Adventure Park Trade Dress to offer for saleor sell their own products and services (including, but not limited to, use of the patented Adventure Hub), without Plaintiffs' consent is likely to cause confusion, cause mistake, and deceive consumers into mistakenly believing that Defendants are licensees, franchisees, affiliates of UATP Management, or that  Defendants, their

activities, and their products, are authorized, endorsed, sponsored, or approved by UATP Management.  By way of example and without limitation, some of Trade Dress being used by Kangaroo without Plaintiff's consent is as follows, and is either identical to or confusingly similar to the intellectual property owned by UATP IP:

















44.     Defendants Kangaroo, Tang, Quach, Trinh, and Hung have made, and will continue to make, substantial profits and gain from their unauthorized use of the Urban Air Adventure Park Trade Dress to which they are not entitled in law or equity.

45.     The acts of Defendants Kangaroo, Tang, Quach, Trinh, and Hung are intentional, willful, and committed with the intention of deceiving and misleading the public and causing harm to UATP Management, and made with the full knowledge of the trade dress rights of UATP Management.

46.     Defendants' acts and conduct complained of herein constitute federal trade dress infringement in violation of 15 U.S.C. § 1125(a). UATP Management has suffered, and will continue to suffer, irreparable harm from Defendants' unauthorized use of UATP's Trade Dress unless restrained by law.

47.     As a direct and proximate result of Defendants' infringing and unlawful acts, UATP Management has suffered and will continue to suffer damages in an amount that is not presently ascertainable, but will be established at trial, and, at minimum, exceeds $150,000.

## COUNT IV

## Lanham Act Unfair Competition

48.    Plaintiffs re-allege and incorporate by reference each of the allegations in the foregoing paragraphs as though fully set forth herein.

49.    The Urban Air Adventure Park Trade Dress is non-functional, and unique and distinctive as to the source of the Urban Air Adventure Park goods and services, and has acquired secondary meaning, because consumers associate UATP and its licensees as the source of goods provided under the Urban Air Adventure Park Trade Dress. The Urban Air Adventure Park Trade Dress is entitled to protection under both federal and common law.

50.    The acts and conduct of Defendants are likely to cause confusion, cause mistake, andor deceive the public into mistakenly believing the Infringing goods and services are either Urban Air Adventure Park goods and services or the patented Adventure Hub and copyrighted material originate from or are somehow connected to or associated with Kangaroo Fun Zone. Such acts constitute unfair competition, because Defendants Kangaroo, Tang, Quach, Trinh, and Hung have obtained an unfair advantage as compared to UATP Management through the Defendants' use of the Urban Air Adventure Park Trade Dress to falsely designate the origin, affiliation or sponsorship of Defendants Kangaroo, Tang, Quach, Trinh, and Hung.

51.    The acts of Defendants Kangaroo, Tang, Quach, Trinh, and Hung are intentional, willful, with bad faith, and were committed with the intention of deceiving and misleading the public and causing harm to UATP Management and made with

the full knowledge of UATP's ownership of its Trade Dress.

52.    Defendants Kangaroo, Tang, Quach, Trinh, and Hung have made, and will continue to make, substantial profits and gain from their use of the Urban Air Adventure Park Trade Dress, to which they are not entitled in law or equity. The acts and conduct of Defendants Kangaroo, Tang, Quach, Trinh, and Hung constitute unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a).

53.    UATP Management has suffered, and will continue to suffer, irreparable harm as a direct and proximate cause of Defendants' unfair competition and false designation, including, but not limited to, a lessening of the goodwill associated with the Urban Air Adventure Park Trade Dress.

54.    As a direct and proximate result of Defendants' infringing and unlawful acts, UATP Management has suffered and will continue to suffer damages in an amount to be proved at trial and which exceeds $150,000.

## COUNT V

## Unjust Enrichment

55.    Plaintiffs re-allege and incorporate by reference each of the allegations in the foregoing paragraphs as though fully set forth herein.

56.    The Urban Air Adventure Park Trade Dress is non-functional, and unique and distinctive as to the source of the Urban Air Adventure Park products and services, and has acquired secondary meaning across the United States, and particularly in the State of Texas, because consumers associate Urban Air Adventure Park as the source of goods provided under the Urban Air Adventure Park Trade Dress.

57.     UATP Management created the Urban Air Adventure Park Trade Dress through extensive time, labor, effort, skill, and money.

58.     The use by Defendants Kangaroo, Tang, Quach, Trinh, and Hung of the Urban Air Adventure Park Trade Dress, as well as the use of the Patent and the Slam Dunk Drawing in violation of UATP IP's rights under U.S. Patent Law and Copyright Law, constitute unjust enrichment, because Defendants have wrongfully obtained benefits at the expense of UATP IP and UATP Management. Defendants Kangaroo, Tang, Quach, Trinh, and Hung have not borne the expenses incurred by UATP IP and UATP Management, yet Defendants Kangaroo, Tang, Quach, Trinh, and Hung are obtaining the resulting benefits for their own business.

59.     The unjust enrichment of Defendants Kangaroo, Tang, Quach, Trinh, and Hung has been intentional and willful. Defendants' bad faith is evidenced by Defendants' continuing and blatant disregard for the intellectual property rights of UATP IP and UATP Management.

60.     The continuing acts of Defendants are causing UATP IP and UATP Management irreparable harm for which there is no adequate remedy at law.

**COUNT VI**

**Breach of Contract for Failure to Maintain Confidentiality of Information**

**Defendants Franchise, Quach, Trinh, Hung, and Guerrero**

61.     Plaintiffs re-allege and incorporate by reference each of the allegations in the foregoing paragraphs as though fully set forth herein.

62.     Defendants Franchisee, Quach, Trinh, Hung and Guerrero each signed a contract with UATP Management acknowledging receipt of confidential information

and promising not to disclose that information to a third party or use it for any reason other than for the operation of an Urban Air Adventure Park.

63.    Defendants Franchisee, Quach, Trinh, Hung and Guerrero each also signed a contract with UATP Management agreeing not to be employed by, own, or operate a business that is similar to or competes with an Urban Air Adventure Park within a specified geographical area for a period of 2 years after ceasing their affiliation with the Urban Air Adventure Park licensed by UATP Management.

64.    In breach of their contracts with UATP Management, Defendants Franchisee, Quach, Trinh, and Hung, on information and belief, own and operate Kangaroo Fun Zone, and Defendant Guerrero is employed by Kangaroo Fun Zone as its manager.

65.    The breach of their contracts with UATP Management by the Defendants Franchisee, Quach, Trinh, Hung and Guerrero has injured UATP Management as UATP is not able to re-establish a presence in the geographical area in which Kangaroo Fun Zone conducts its business.

66.    The continuing acts of Defendants Franchisee for , Quach, Trinh, Hung and Guerrero in violating the covenants not-to-compete between them and UATP Management are causing UATP Management irreparable harm for which there is no adequate remedy at law.

22

**COUNT VII**

**Breach of Contract for Failure to Abide by Covenant of First Right of Refusal**

**The Franchisee, Quach, Trinh, and Hung**

67.    Plaintiffs re-allege and incorporate by reference each of the allegations in the foregoing paragraphs as though fully set forth herein.

68.    Defendants Franchisee, Quach, Trinh, and Hung each executed or personally guaranteed the Urban Air Adventure Park Franchise Agreement. Under Article 17.E of the Franchise Agreement, each of these Defendants had the obligation, upon any offer to purchase or assume ownership of the Franchisee's the assets, to give UATP Management, LLC written notice of the offer and the first right of refusal to purchase those assets on the same terms and conditions ass the offer. Moreover, UATP Management had the same right of first refusal to purchase any ownership interest in the Franchisee in the event any one or more of the Defendants Quach, Trinh, and Hung received an offer to purchase that Defendant's ownership interest in the Franchisee.

69.     On information and belief, UATP Management alleges that the Defendants sold Franchisee's assets to a third party without notifying UATP Management of the offer, and without providing UATP Management with the first right of refusal as required by the Franchise Agreement.

70.    The failure by Defendants Franchisee, Quach, Trinh, and Hung to give UATP Management written notice of any offer to purchase or assume ownership of the Franchisee's assets or, in the alternative, to purchase or assume ownership of any member's interest in the Franchisee, is a breach of the Franchise Agreement

executed by the Defendants Franchisee, Quach, Trinh, and Hung.

71.    The failure of Defendants Franchisee, Quach, Trinh, and Hung to abide with Article 17.E of the Franchise Agreement damaged UATP Management because it was not able to mitigate the harm created by the transfer of either the Franchisee or the assets owned by the Franchisee to a party not affiliated with UATP Management, and because UATP Management lost the economic opportunity to acquire those assets on the same terms and conditions as the party or parties which, or who, did assume ownership or purchase those assets.

72.    The amount of damage sustained by UATP Management, to the extent they can be ascertained, will be proved by UATP Management at the trial of this case but, in any event exceed $150,000.

**COUNT VIII**

**Breach of Contract for Failure to Debrand from Urban Air Adventure Park**

**The Franchisee, Quach, Trinh, and Hung**

73.    Plaintiffs re-allege and incorporate by reference each of the allegations in the foregoing paragraphs as though fully set forth herein.

74.    Defendants Franchisee, Quach, Trinh, and Hung each executed or personally guaranteed the Urban Air Adventure Park Franchise Agreement. Under Article 19.A of the Franchise Agreement, each of these Defendants had the obligation, upon the expiration or termination of the Franchise Agreement, to completely debrand from an Urban Air Adventure Park. Specific obligations under Article 19.A. include, but are not limited to, removing all orange, black, and blue color scheme from all equipment, paddings, walls, etc. from the premises; remove

and/or destroy all interior and exterior signage, point of sale materials, business forms and other items received by either of the Plaintiffs; and cease to use all property, including intellectual property, that belongs to either Plaintiff.

75.     As illustrated by the photographs included in this Complaint, and which will be illustrated even further when Plaintiffs present its evidence to this Court, Defendants Franchisee Quach, Trinh, and Hung have failed to take any actions at all to debrand and, in fact, continue to use the property acquired by them through their franchise relationship with UATP Management.

76.     The failure by Defendants Franchisee, Quach, Trinh, and Hung to debrand from Urban Air Adventure Park, and their continued use of property owned by the Plaintiffs, is a breach of the Franchise Agreement executed by the Defendants Franchisee, Quach, Trinh, and Hung.

77.     The failure of Defendants Franchisee, Quach, Trinh, and Hung to abide with Article 19.A of the Franchise Agreement has damaged UATP Management because UATP Management is not able to establish another Urban Air Adventure Park in the Laredo, Texas area, and because the current business operated under the name "Kangaroo Fun Zone" has an identical business format and equipment as an Urban Air Adventure Park. This identity of a business format, color scheme, and equipment creates public confusion as to the true source of the property and business format used by the Defendants Franchisee, Quach, Trinh, and Hung.

78.     The amount of damage sustained by UATP Management, to the extent they can be ascertained, will be proved by UATP Management at the trial of this case but, in any event exceed $150,000.

## COUNT IX

### Request for Attorney Fees for Breach of Contract

### <u>Franchisee, Quach, Trinh, and Hung</u>

79.     Plaintiffs re-allege and incorporate by reference each of the allegations in the foregoing paragraphs as though fully set forth herein.

80.     Plaintiffs are entitled to recover their attorney fees from Defendants Franchisee, Quach, Trinh, and Hung under the Texas Civil Practice and Remedies Code, Chapter 38, and Article 23.G of the Franchise Agreement.

## COUNT X

### <u>Request for Preliminary and Permanent Injunction</u>

81.     Plaintiffs re-allege and incorporate by reference each of the allegations in the foregoing paragraphs as though fully set forth herein.

82.     The actions of all the Defendants, either individually or in concert, have harmed the Plaintiffs.

83.     There is a substantial likelihood that the Plaintiffs will prevail on the merit of their claims made in this Complaint.

84.     There is a substantial threat that the Plaintiffs will suffer an irreparable injury if a preliminary injunction, and then a permanent injunction, is not granted.

85.     The threatened injury to the Plaintiffs outweighs the threatened harm to the Defendants if a preliminary and permanent injunction are not granted.

86.     The public interest will not be disserved if a preliminary injunction is not granted, and in fact will be greatly served.

**PRAYER FOR RELIEF**

Plaintiffs respectfully pray for the following relief:

A.     That judgment be entered that Defendants Kangaroo, Tang, Quach, Trinh, and Hung have infringed Claims 1 through 12 of the Patent by using it in their business without authorization or a license from either Plaintiff;

B.     That an Order be entered preliminarily and permanently enjoining Defendants Kangaroo, Tang, Quach, Trinh, and Hung, their employees, and agents, from infringing Claims 1 through 12 of the Patent, and that Defendants must report to the court within 30 days their actions to cease their infringement of Claims 1 through 12 of the Patent;

C.     That Plaintiffs be awarded damages in an amount sufficient to compensate them for infringement of Claims 1 through 12 of the Patent by Defendants Kangaroo, Tang, Quach, Trinh, and Hung, together with prejudgment and post-judgment interest and costs under 35 U.S.C. § 284;

D.     That judgment be entered that Defendants Kangaroo, Tang, Quach, Trinh, and Hung have infringed the copyright for the Slam Dunk Drawing by using it in their business without authorization or a license from either Plaintiff;

E.     That an Order be entered preliminarily and permanently enjoining Defendants Kangaroo, Tang, Quach, Trinh, and Hung, their employees, and agents, from infringing on the copyright to the Slam Dunk Drawing;

F.     That Plaintiffs be awarded damages in an amount sufficient to compensate them for infringement of the copyright of the Slam Dunk Drawing by Defendants Kangaroo, Tang, Quach, Trinh, and Hung, together with prejudgment

27

and post-judgment interest and costs under 17 U.S.C. § 504(c);

G.     That judgment be entered that Defendants Kangaroo, Tang, Quach, Trinh, and Hung have infringed upon UATP Management's Trade Dress by using it in their business without authorization or a license from UATP Management;

H.     That an Order be entered preliminarily and permanently enjoining Defendants Kangaroo, Tang, Quach, Trinh, and Hung, their employees, and agents, from infringing upon UATP Management's Trade Dress;

I.     That Plaintiffs be awarded damages in an amount sufficient to compensate them for the deliberate and willful infringement of UATP Management's Trade Dress by Defendants Kangaroo, Tang, Quach, Trinh, and Hung, together with prejudgment and post-judgment interest and costs under 15 U.S.C. § 1051 *et seq.*;

J.     That Plaintiffs be awarded damages in an amount sufficient to compensate them for the deliberate and willful unjust enrichment enjoyed by Defendants Kangaroo, Tang, Quach, Trinh, and Hung, through their acts complained of herein, together with prejudgment and post-judgment interest;

K.     That judgment be entered that Defendants the Franchisee Quach, Trinh, Hung and Guerrero have each breached their Confidentiality Agreement and covenants not-to-compete with UATP Management;

L.     That an Order be entered preliminarily and permanently enjoining Defendants Quach, Trinh, Hung, and Guerrero from breaching their Confidentiality Agreements and covenants not-to-compete with UATP Management;

M.     That Plaintiffs be awarded damages in an amount sufficient to compensate them for the deliberate and willful breach by Defendants Quach, Trinh,

Hung, and Guerrero of their Confidentiality Agreements and covenants not-to-compete with UATP Management, together with UATP Management's attorney fees and costs.

N.     That Plaintiffs be awarded damages in an amount sufficient to compensate them for the deliberate and willful breach by Defendants Quach, Trinh, and Hung of Articles 17.E and 19.A of the Franchise Agreement between them and UATP Management, together with UATP Management's attorney fees and costs.

O.     That Plaintiffs be awarded a preliminary and permanent injunction as set forth herein and as further requested by Plaintiffs.

P.     That Plaintiffs be awarded such other relief, at law and in equity, to which it is entitled.

Respectfully submitted this 30th day of July, 2021.

/s/ Deborah L. Taylor

_____

Deborah L. Taylor, Attorney at Law
Texas Bar # 19687927
3730 Kirby Drive
Suite 1200
Houston, Texas 77098
(713) 650-3000 Telephone
(713) 481-8847 Facsimile
Email deborah@dlynnetaylor.com

Attorney for Plaintiffs UATP IP, LLC
and UATP Management, LLC