| | | |
|---|---|---|
| United States District Court | | Southern District of Texas |

UATP IP, LLC, et al., §
§
§ Plaintiff, §
§
versus § Civil Action H-21-2478
§
Kangaroo, LLC, et al., §
§
§ Defendants. §

# Opinion on Partial Dismissal

A. *Background.*

UATP IP entered a franchise with Kangaroo LLC, to operate a Urban Air Adventure Park. Urban Air is a jumping gym secured by a patent for its "adventure hub." UATP IP terminated the franchise when Kangaroo failed to pay the royalty required under the agreement.

UATP IP says that Kangaroo reopened the gym with a new name. It sued.

B. *Lack of Jurisdiction.*

Minh Tang is a managing member of Kangaroo. He is listed as Kangaroo's registered agent in Texas. She lives in California.

Tang says that he should be dismissed from this case because personal jurisdiction is not present. He says he has no contacts in Texas. He says that he is only a managing member uninvolved in the day-to-day operations. He says that the fiduciary shield doctrine protects corporate officers from personal jurisdiction in a state based on patent infringement claims.

UATP IP says that he is the registered agent for Kangaroo. It says that the certificate of formation has a business address listed in Texas. Because he has a business address in Texas, it says, Texas has jurisdiction over him.

For personal jurisdiction, the defendant must have chosen to engage in and benefit from his activities in the state.[1] The claim must arise out of those

---

[1] *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

activities and be reasonable.[2] Personal jurisdiction cannot result from the unilateral actions of the plaintiff or other parties.[3]

Tang declared that he has no mailing address in Texas. He says he does not "run" Kangaroo. His declaration is not consistent with the certificate of formation. Still – UATP IP pleaded claims of trade dress and copyright against Kangaroo. Its only support for personal jurisdiction over Tang is his ownership interest and business address as a registered agent. It does not plead that he directed efforts to license the patent in Texas nor any tortious act by Tang. Without more – jurisdiction is unavailable.

In Texas, the fiduciary shield doctrine is applicable. The Federal Circuit does not apply that doctrine.[4] Because this case arises under a patent claim, the doctrine is inapplicable.

Minh Tang will be dismissed.

C.  *Improper Venue.*

The law says that a patent infringement suit may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.[5]

Tang says that venue is improper because he does not reside in Texas. He also says he does not have a place of business in Texas. He says he has not infringed on the patent in Texas.

UATP IP pleaded that the infringement occurred in Texas. His address as a registered agent is a business address. The statute says venue is proper in either location. Her claim for improper venue fails.

---

[2] *Genetic Implant Sys. v. Core-Vent Corp.*, 123 F.3d 1455, 1458 (Fed. Cir. 1997)

[3] *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009).

[4] *Campbell Pet Co. v. Miale*, 542 F.3d 879, 889 (Fed. Cir. 2008).

[5] 28 U.S. Code § 1400.

D.  *More Definite Statement.*

Kangaroo moved for clarity of UATP IP's claims of: (a) copyright infringement, (b) Lanham Act trade dress, (c) unfair competition and (d) unjust enrichment. It says that UATP IP did not plead the trade dress that it says Kangaroo infringed. It says that Kangaroo must specify how its company violated their patent rights. It says that UATP IP has vague and unidentified photographs in its pleading.

UATP IP says that Kangaroo's Fun Zone is a replica of Urban Air Adventure Park. It has photographs in the pleading that notifies Kangaroo of the trade dress. It says that the amended complaint identifies the copyright number and patent number that Kangaroo violated. It insists that its photographs are sufficiently specific to plead a trade dress infringement claim.

The patent protects a multi-level play equipment system. The copyright protects the photos plastered on the equipment. Some of the photographs are clearly examples of those structures drawn in the patent and copyright papers. For example, the slam dunk drawing identifies the copyright violation. The other photos do not have a specific description.

UATP IP must make a chart of each photograph and how it corresponds with its protected copyright or patent. It must plead more definitively.

E.  *Standing.*

Kangaroo moved to dismiss this case based on standing. It says that Kangaroo does not own the '729 patent. It says that Michael Browning assigned UATP IP the rights to a provisional patent. It says the '729 patent has new information that was not included in the provisional patent. Because the provisional patent contains "new matter" not included in the original patent, Kangaroo says that UATP IP does not have title to the patent to assert standing.

UATP IP says that the entire invention and letters patent for invention were assigned in the provisional application. It says that the new patent does not invalidate the old patent because it does not have "new matters." It says the changes were minor and common to the provisional application.

Patent 729 added two new structural designs that were not included in the provisional patent. It added text describing: (a) entry gate 107, (b) entry gate 109, and (c) control device 115.

A "new matter" is a subject not included in the original specification, claims, or drawings of a filed patent application.[6] Not all changes to a patent are "new matters." The law has said an amendment to clarify a patent is not necessarily a "new matter." For example, a Court has said that explaining a function or theory that a device inherently performs is not "new matter."[7] The scope of whether the additional information is a "new matter" is an evidentiary issue.

The contract shows that UATP IP was assigned the provisional patent. At this stage, it has pleaded that the additional information was not "new matter." It is sufficient to establish standing.

F.  *Conclusion.*

Because the Court does not have personal jurisdiction over Minh Tang, he is dismissed. (20)(22)(24)(25)

Signed May **24**, 2022, at Houston, Texas.

Lynn N. Hughes
United States District Judge

---

[6] Manual of Patent Examining Procedure § 608.04(a).

[7] *Technicon Instruments Corp. v. Coleman Instruments, Inc.*, 255 F.Supp. 630, 640–41, 150 USPQ 227, 236 (N.D.Ill.1966)